Harwood & al. *v.* Roberts.

---

HARWOOD & AL. *plaintiffs in error, vs.* ROBERTS, *original plaintiff.*

In an action against two of four joint and several promissors, if it is shown in the writ that four promised, it is material also to show that the other two are dead, or otherwise incapable of being sued ; or it will be bad, and may be reversed on error.

IN a writ of error to reverse a judgment of the Court of Common Pleas, in an action of *assumpsit* brought by *Roberts,* as indorsee of a promissory note, it appeared, from the declaration, that the note was signed by four persons, jointly and severally, and that the action was against two only, no reason appearing on the record why the other two were not joined. Judgment was rendered upon default, against the two who were sued, and who brought this writ of error.

*McGaw,* for the plaintiffs in error, cited *King v. Hobbs* Yelv. 27 *in notis.* 2 *Taunt.* 254. 2 *Hen. v. Munf.* 61. *Robinson v. Mead* 7 *Mass.* 353. *Streatfield v. Halliday,* 3 *D. & E.* 782. 2 *East,* 312. 1 *Chitty's Pl.* 27. 6 *East,* 85.

*Williamson,* for the defendant in error, admitted the general principle that the suit in such cases should be against all, or one only ; but contended that as the objection was not taken in abatement, and it did not appear on the record that the others were living, and within the jurisdiction of the court, the legal presumption now is that they

56

---

Harwood & al. *v.* Roberts.

---

were not. *Scott v. Goodwin* 1 *Bos. & Pul.* 67. *Cabell v. Vaughan* 1 *Saund.* 291. note 4. 1 *Chitty's Pl.* 24. *Barstow v. Fosset,* 11 *Mass.* 250. 8 *Mass.* 480. *Abbot v. Smith,* 5 *Burr.* 2615.

MELLEN C. J. delivered the opinion of the Court.

It appears by inspection of the record, that the note declared on was signed by four persons ; the action is against two of them only. It is a familiar principle that where a promissory note *or bond is* signed by three or more persons, who thereby contract jointly and severally, the creditor may sue all in one action, or may sue each one severally ; but he cannot sue two and omit the others ; for in such case they are sued neither jointly, nor severally, as they promised. Had the defendants pleaded the misjoinder, in the original action, in abatement, it is admitted that the plea would have been fatal to the action ; but as this was not done, the counsel contends that it is now too late for the plaintiffs in error make the objection. This would certainly be true, if the original plaintiff had not in his declaration set forth the fact that the then defendants, together with two other persons, made the note on which the suit is founded. This being the case, it was not necessary to plead it in abatement ; such plea would only have informed the court of a fact which the plaintiff himself had spread upon the record. This is a plain principle. 5 *Burr.* 2614. *Homer v. Moor,* there cited. 1 *Saund.* 291. *b. n.* 4. *Yelv.* 27. *n.* 1, and cases there collected. The principal question seems to be whether, inasmuch as the plaintiff is perfectly silent in his declaration as to the fact of the life or death of the two promissors, not sued, the court are to presume them to be living, or to be dead. It is settled by many cases that when a defendant pleads in abatement that another person was a co-promissor with the defendant, he must go on and aver that he was living when the action was commenced, and ought to have been joined in the suit ;—see 1 *Saund.* 291. *b.* note 2. *Yelv.* 27. *n.* 1 ;—for pleas in abatement are not to be favored, but construed strictly. As to the form of declaring in such a case as the present, the authorities seem somewhat at variance. 1 *Saund.* 291. note 2. But in *Blackwell v. Ashton Styl.* 50, it was decided that if the joint obligor be dead, the regular and

proper manner of declaring is to aver his death. So in *King v. Young & al.* 2 *Anst.* 448. where there was no averment of the death of the two who were not sued, the declaration was held bad on demurrer. So in *South v. Tanner & al.* 2. *Taunt.* 254. *Letwyche & al. v. Berkley* 1. *Hen. & Munf.* 61. *Newell v. Wood* 1. *Munf.* 555. We thus perceive that the weight of authority is decidedly in favor of the plaintiffs in error ; and our opinion is, that as the original plaintiff stated in his declaration, that two persons, besides the defendants, were co-promissors in the note declared on, the declaration is fatally bad, for want of an averment that those persons were dead at the time of the commencement of the action. There seems to be no more reason for obliging a defendant, in a plea in abatement, after averring that there was a co-promissor who is not sued, to go on and aver his life, than there is for obliging a plaintiff who discloses in his declaration that there was a co-promissor who is not sued, to go on and aver his death. The averment of life is essential to the sufficiency of the plea ; and the averment of death to the sufficiency of the declaration. *Judgment reversed.*